IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:06CR415 |
| ) | |
| v. ) | |
| ) | |
| CONRAD JOHANN SANTON, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant Conrad Johann Santon's objection, Filing No. 40, to the report and recommendation ("R&R") of the United States Magistrate Judge ("Magistrate"), Filing No. 39, on Santon's motion to suppress evidence, Filing No. 30.[1]  Santon is charged in a three-count Superseding Indictment with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), forfeiture of drug proceeds under 21 U.S.C. § 853, and using, carrying, and possessing a firearm in connection with a drug crime in violation of 18 U.S.C. § 924(c)(1)(A).  Filing No. 20.

Santon seeks suppression of evidence found on his person and in the search of a vehicle on November 15, 2006, and of statements made to police during the search and

---

[1]Also pending is a motion in limine, Filing No. 29.  The defendant seeks an order excluding (1) evidence seized pursuant to the arrest of Kevin McDonald on November 15, 2006, (2) evidence of defendant's prior bad acts; (3) reference to prior drug convictions; (3) reference to uncharged allegations; (4) expressions of opinion on guilt or credibility; and (5) reference to defendant's association with or connection to gangs.

Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine.  *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997).  The court cannot evaluate the relevance of the purported evidence at this time.  The court finds that the motion is more in the nature of a trial objection than a motion in limine and should be denied at this time without prejudice to its reassertion at trial.  Of course, testimony that is not relevant, unduly prejudicial, or invades the province of the court or jury will not be allowed.  Accordingly, the court will deny the motion as premature, without prejudice to its reassertion at trial.

arrest. Specifically, he asserts that he was searched without probable cause or reasonable suspicion in violation of the Fourth Amendment to the United States Constitution. *See* Filing No. 30.

The Magistrate recommends denial of the motion. Filing No. 39, R&R at 7. The Magistrate found that the officers had a reasonable suspicion of criminal activity that justified a brief detention or investigatory stop. *Id.* at 5-6. The Magistrate further found that the observation of a concealed firearm provided probable cause to arrest the defendant. *Id.* at 6. Last, the Magistrate found that the frisking of defendant was justified by concern for officer safety. *Id.* Defendant Santon objects to the Magistrate's findings. Filing No. 43. He contends that there is nothing in the record that directly implicates him, as opposed to his companion.

I. BACKGROUND

An evidentiary hearing was held on May 10, 2007. Filing No. 38, Transcript of Hearing ("Hr'g Tr."). Under 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of those portions of the report or recommendations to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003). The court has reviewed the record, including the transcript of the hearing and a CD recording of an Omaha Police Department 911 call. *See* Filing No. 26, Hr'g Tr., Hearing Exhibit ("Hr'g Ex.") 101. For the reasons set forth below, the court finds defendant's objection to the Magistrate's recommendation should be overruled and Santon's motion to suppress the evidence should be denied.

The court accepts the Magistrate's factual findings. Briefly, the evidence adduced at the hearing shows that police officers responded to a report of suspicious activity at a

2

gas station/convenience mart at 1:27 a.m. on November 15, 2006. An employee of the convenience mart reported that a vehicle was parked in the lot at the store and its occupant had been observed possibly using narcotics and "laying down and acting funny." Hr'g Ex. 101. Omaha Police Officers reported to the scene and observed a parked, unoccupied Dodge Intrepid in the parking lot. *Id.* at 9. The officers looked in the vehicle and saw the hand grip of a pistol between the driver's seat and the console of the car.[2] *Id.* at 9-10. The officers conducted surveillance and then observed another car, with two occupants, approach and park next to the Intrepid. *Id.* at 14-16, 60. Two males got out of the second car and opened the trunk of the Intrepid. *Id.* at 60.

At that point, the police officers, in three squad cars, surrounded the vehicles. The two men were instructed to put their hands on one of the police cruisers, and both were frisked. *Id.* at 16-18. The officers testified that the two men were frisked for officer safety. *Id.* at 16, 65. Officer Robert Alexander frisked Kevin McDonald, who admitted that he owned the vehicle and consented to a search of the vehicle. *Id.* at 17-19. Officer Robert Kroeger frisked defendant Santon. *Id.* at 63. He testified that he felt a bulge in Santon's right front pants pocket. *Id.* Because Santon stated that a pack of cigarettes was in his right front pocket and Officer Kroeger felt a pack of cigarettes in his left front pocket, Officer Kroeger believed that Santon was being less than truthful about the contents of the right pocket. *Id.* at 65-66. Officer Kroeger retrieved cigarettes and a large roll of money, in $100.00 denominations, from the left pocket. *Id.* at 67. On reaching in the right pocket,

---

[2]At that time, it was a violation of law to carry a concealed weapon. Neb. Rev. Stat. § 28-1202 (2006). The law was modified, effective January 1, 2007, by the Concealed Handgun Permit Act, Neb. Rev. Stat. § 69-2427.

3

the officer retrieved plastic baggies containing drugs. *Id.* at 67-69. Defendant Santon was then arrested. *Id.* at 69-70.

## II. DISCUSSION

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, guarantees the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; *Payton v. New York,* 445 U.S. 573, 576, (1980). An investigatory stop is considered a seizure within the meaning of the Fourth Amendment and must be "supported by reasonable suspicion to believe that criminal activity may be afoot." *United States v. Ameling,* 328 F.3d 443, 447 (8th Cir. 2003); *see also Brendlin v. California,* — U.S. —, —, 127 S. Ct. 2400, 2409 (2007) (stating that the issue to determine whether a seizure has occurred "is whether a reasonable passenger would have perceived that the show of authority was at least partly directed at him, and that he was thus not free to ignore the police presence and go about his business").

A court examines the "totality of the circumstances" of each case to determine whether a search is reasonable within the meaning of the Fourth Amendment. *See Samson v. California,* — U.S. —, — 126 S. Ct. 2193, __ (2006). Whether a reasonable suspicion exists depends on "whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu,* 534 U.S. 266, 273 (2002) (internal quotation marks omitted). Officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them" in forming a basis for suspicion. *Id.* While "an officer's reliance on a mere hunch is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of

satisfying a preponderance of the evidence standard." *Id.* at 274 (internal quotations and citations omitted).

An informant's anonymous tip, standing alone, is not sufficient to establish reasonable suspicion. *Florida v. J.L.,* 529 U.S. 266, 274 (2000) (noting that anonymous tips as the bases for searches are treated with some mistrust by the courts). However, surrounding circumstances and corroborating evidence can establish the requisite suspicion to warrant further investigation and can justify a brief, investigatory stop. *Winters v. Adams,* 254 F.3d 758, 764 n.10 (8th Cir. 2001) (noting significance of presence of a parked car on a dead-end street in a purely residential neighborhood at 11:30 p.m.).

"During any investigative stop, 'officers may take steps reasonably necessary to protect their personal safety.'" *United States v. Bell,* 480 F.3d 860, 864 (8th Cir. 2007) (*quoting United States v. Shranklen,* 315 F.3d 959, 961 (8th Cir. 2003)); *see also Brendlin,* — U.S. at  —, 127 S. Ct. at 2409 (during a lawful traffic stop an officer may order a passenger out of the car as a precautionary measure, without reasonable suspicion that the passenger poses a safety risk because the risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation).

After examining the record, the court finds that the officers' suspicion that the defendants were involved in criminal activity was reasonable. The officers had a report of suspicious activity. The "tip" came from a convenience store employee who was known to the officers and the report was based on her personal observation. She identified herself and left the dispatcher her phone number. The facts reported by the employee were later corroborated by the officers' observations.

5

While Santon and McDonald's actions could be susceptible to innocent explanation, their behavior must be considered as a whole and in the light of the officers experience and specialized training. It was 1:30 in the morning and nearby businesses were closed. Most importantly, officers had seen a partially-concealed weapon in the Intrepid. Given the facts known to the officers, the court finds the approach and detention of Santon and McDonald was supported by a reasonably articulable suspicion of criminal activity.

Moreover, in light of the observation of a partially concealed weapon, the officers' actions were reasonably necessary to maintain the status quo and protect the officers. Defendant Santon was rationally connected to the weapon in the Intrepid because he was accompanied by its owner and was observed rummaging through the trunk of the Intrepid. Accordingly, the court finds Santon's objection should be overruled and the report and recommendation of the Magistrate should be adopted.

IT IS ORDERED:

1. Defendant's objection to the Magistrate's R&R ( Filing No. 40) is overruled.
2. The report and recommendation of the Magistrate (Filing No. 39) is adopted.
3. Defendant's motion to suppress (Filing No. 30) is denied.
4. Defendant's motion in limine (Filing No. 29) is denied as premature, without prejudice to reassertion at trial.

DATED this 10th day of July, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge